# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| WESTERN HEALTHCARE, LLC, | § | |
| PLAINTIFF, | § | |
| V. | § | CASE NO. 3:18-CV-2678-S |
| | § | |
| BROOKLYN URGENT CARE, PLLC, | § | |
| ET AL., | § | |
| DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

*Plaintiff's Motion for Default Judgment Against Defendants Brooklyn Urgent Care, PLLC, Brooklyn UC Administrative Services, LLC, Dr. Ashraf Salem and Yasser Salem*, Doc. 11, was referred to the undersigned United States magistrate judge for findings and a recommended disposition. Doc. 13. On July 9, 2019, an evidentiary hearing was held on issues of damages and attorneys' fees. Doc. 15; Doc. 17. Upon consideration of the evidence, pleadings, and applicable law, Plaintiff's motion for default judgment should be **GRANTED** as to Defendants Yasser Salem and Brooklyn Urgent Care, PLLC (collectively "Defendants"), and judgment reserved as to the remaining Defendants.[1]

### I.    BACKGROUND

This action arises out of an agreement between Plaintiff and Defendant Brooklyn Urgent Care, under which Plaintiff contends it provided services for which Brooklyn Urgent Care failed

---

[1] On July 3, 2019, Plaintiff filed a Suggestion of Bankruptcy as to Defendants Ashram Salem and Brooklyn UC Administrative Services, LLC. Doc. 15. As stated on the record at the July 9, 2019 hearing, the statutory automatic stay is in effect only as to those Defendants. Accordingly, the Court now considers Plaintiff's motion for default judgment only as to Defendants Yasser Salem and Brooklyn Urgent Care, PLLC.

to pay. Doc. 1 at 4-5. Plaintiff filed its *Complaint* on October 10, 2018, asserting claims against

Brooklyn Urgent Care, Brooklyn UC Administrative Services, Ashraf Salem, and Yasser Salem

(collectively "all Defendants") for breach of contract, sworn suit on account and quantum meruit,

and also seeking attorneys' fees and costs as well as pre- and post-judgment interest. Doc. 1 at

1-3, 6-8. All Defendants were served on October 15, 2018 or October 16, 2018, but neither

Defendant answered or entered an appearance in this case. Doc. 5; Doc. 6; Doc. 7; Doc. 8. The

Clerk of Court entered a default as to all Defendants on February 21, 2019. Doc. 12.

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 55 governs the entry of a default judgment. FED. R. CIV.

P. 55(b)(2). A default judgment is available as long as the plaintiff establishes:

> (1) defendant has been served with the summons and complaint and default was
> entered for its failure to appear; (2) defendant is neither a minor nor an incompetent
> person; (3) defendant is not in military service or not otherwise subject to the
> Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the
> action, that defendant was provided with notice of the application for default
> judgment at least three days prior to the hearing.

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at

*2 (N.D. Tex. Jan. 14, 2013) (Lynn, J.).

In ruling on a motion for default judgment, the Court considers: (1) whether material

issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether grounds

for default are clearly established, (4) whether default was caused by a good faith mistake or

excusable neglect, (5) harshness of default judgment, and (6) whether the Court would feel

obligated to set aside a default on the defendants' motion. *Lindsey v. Prive Corp.*, 161 F.3d 886,

893 (5th Cir. 1998).

### III.    ANALYSIS

*A. Plaintiff is entitled to default judgment.*

Plaintiff has satisfied the requisites for entry of a default judgment because: (1) all

Defendants were served, none appeared, and a default was entered for their failure to appear,

Doc. 12; (2) Brooklyn Urgent Care, PLLC, as an entity, is "neither a minor nor an incompetent

person, nor can it be active in military service," *Arch Ins. Co.*, 2013 WL 145502, at *3, and (3)

Yasser Salem is neither a minor nor incompetent, nor is Yasser Salem enrolled in active military

service, Doc. 11 at 3, Doc. 11-6 at 3.[2]

Moreover, the relevant factors favor the entry of a default judgment.  First, Defendants

have "not filed any responsive pleadings or otherwise appeared in this case, and thus ha[ve] not

contested any facts presented in Plaintiff's Complaint." *Arch Ins. Co.*, 2013 WL 145502, at *3.

Second, Defendants' "failure to respond to Plaintiff's Complaint threatens to bring the adversary

process to a halt, effectively prejudicing Plaintiff's interests in pursuing its rights afforded by

law."  *Id.*  Third, "the grounds for default are 'clearly established,' as Defendants have not

responded to the summons and complaint" for more than eight months.  *Holladay v. OTA*

*Training, LLC*, No. 3:14-CV-0519-B, 2015 WL 5916440, at *2 (N.D. Tex. Oct. 8, 2015) (Boyle,

J.).  Fourth, "there is no evidence before the Court 'that a good faith mistake or excusable

---

[2] Plaintiff's President and CEO avers that, based on his "information and belief," neither Ashraf
Salem nor Yasser Salem is in the military because "[d]uring their dealings with Plaintiff Wester
Healthcare, LLC[,] neither Dr. Ashraf Salem nor Yasser Salem ever represented themselves to be
members of the military."  Doc. 11-6 at 2.  While the better practice is to obtain a certificate
affirming no military membership, the Court nevertheless finds the affidavit meets the
requirements of the Servicemembers Civil Relief Act because it is attested to under penalty of
perjury.  *See Crawford ex rel. Star Expl., Inc. v. Conoley*, No. 3:09-CV-1718-O, 2010 WL
11565388, at *2 n.1. (N.D. Tex. Sept. 29, 2010) (O'Connor, J.) (finding an affidavit made under
penalty of perjury that stated defendant is not a member of military to be sufficient to support
default judgment).

neglect' caused the default." *Arch Ins. Co.*, 2013 WL 145502, at \*3.  Fifth, Defendants have "had over six months to answer or otherwise respond to Plaintiff's Complaint, mitigating the harshness of default judgment." *Id.*  Finally, "based on the facts known to the Court, there is no 'good cause' for which it would be obligated to set aside the default if later challenged by [Defendants.]" *Id.*

That notwithstanding, "[t]here must be a sufficient basis in the pleadings for the [default] judgment [to be] entered." *Arch Ins. Co.*, 2013 WL 145502, at \*3.  The Court finds that Plaintiff's pleadings are sufficient.  Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendants; and (4) damages sustained as a result.  *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 892 F.3d 719, 731 (5th Cir. 2018).  The elements for a suit on sworn account under Texas law are that: (1) there was a sale and delivery of merchandise or performance of services; (2) the amount of the account is just, *i.e.*, the prices were charged in accordance with an agreement, or in the absence of an agreement, they are usual, customary, and reasonable prices for that merchandise or services, and (3) the amount is unpaid. [3]  *Noodlenet, LP v. Proctor & Gamble Distrib., LLC*, No. 3:08-CV-1121-K, 2008 WL 11349984, at \*2 (N.D. Tex. Nov. 11, 2008) (Kinkeade, J.).

By its *Complaint*, Plaintiff alleges that: (1) it entered into an agreement with Brooklyn Urgent Care; (2) it provided services under that agreement at "agreed-upon rates"; (3) Brooklyn Urgent Care failed to pay for those services; and (4) Plaintiff suffered damages of $132,718.78

---

[3] Since Plaintiff is entitled to relief through its contract with Brooklyn Urgent Care, recovery in quantum meruit is unavailable.  *See U.S. Quest Ltd. v. Kimmons*, 228 F.3d 399, 406 (5th Cir. 2000) ("In general under Texas law, a party seeking to recover for services rendered will only be able to recover under quantum meruit when there is no express contract between the parties.").

plus "interest accruing at an agreed-upon 1.5% monthly interest rate." Doc. 1 at 4-5. Taking Plaintiff's allegations as true, *Arch Ins. Co.*, 2013 WL 145502, at *4, Plaintiff's *Complaint* presents a sufficient basis for the entry of default judgment on its claims for breach of contract and suit on sworn account.

  *B. Damages*

  Plaintiff seeks "liquidated damages in the amount of $132,718.78, plus interest accruing at an agreed upon 1.5% monthly interest rate." Doc. 11 at 3. Plaintiff proffered the affidavit of Trey Davis—President and CEO of Plaintiff Western Healthcare—wherein Davis swears that Brooklyn Urgent Care "has not paid all of its outstanding invoices for services rendered," and specifically states that Brooklyn Urgent Care owes Plaintiff a total of $132,718.78. Doc. 11-7 at 3. Davis cites to an accounts receivable log showing a balance of $132,718.78, Doc. 1-3 at 3, and copies of the unpaid invoices, Doc. 1-2 at 2-69. Davis affirmed the same in his testimony before the Court.

  Davis also declares that Plaintiff is entitled to an "interest accruing at an agreed-upon 1.5% monthly interest rate." Doc. 11-7 at 3. At the hearing, Plaintiff established that the contractual interest began to accrue in May 2017, and that as such, it is entitled to $49,769.54 in accrued pre-judgment simple interest to date.

  Accordingly, the Court finds that Plaintiff is entitled to damages of $132,718.78, plus accrued pre-judgment interest of $49,769.54.

  *C. Attorneys' fees*

  "Ordinarily, attorneys' fees are not awarded to a prevailing party absent statutory authority or contractual language." *Am. States Ins. Co. v. Arete Real Estate and Develop.*, No. 3:08-CV-306-O, 2009 WL 854836, at *4 (N.D. Tex. Mar. 30, 2009) (O'Connor, J.) (citing

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)).  However, in this instance, the parties' contract provides that the prevailing party to any litigation to enforce the contract is entitled to an award of its reasonable attorneys' fees.  Doc. 1-1 at 4.

In this circuit, a two-step process is employed when determining an award of attorneys' fees.  *Jimenez v. Wood Cty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citing *Rutherford v. Harris Cnty.,Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)).  The first step is the lodestar calculation, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work."  *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 392 (5tth Cir. 2016).  In evaluating the number of hours claimed, courts determine "whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended."  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995) (per curiam).  Any duplicative, excessive, or inadequately documented time should be excluded from the lodestar calculation.  *Combs*, 829 F.3d at 391.  Additionally, "the court must provide a 'reasonably specific explanation for all aspects of a fee determination.'"  *Id.* (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 548 (2010)).

Second, the party seeking attorneys' fees bears the burden of establishing the prevailing market rate for similar services.  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  Courts determine the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases.

Following the calculation of the lodestar, the Court may decrease or increase the fee on the basis of 12 other factors that may be of significance in any given case.  *See Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).  The *Johnson* factors consist of: (1) the time and labor required

for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson*, 488 F.2d at 717-19). Many of these factors are subsumed within the lodestar and should not be double-counted. *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (per curiam). There is a strong presumption that the lodestar represents the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

At the July 9, 2019 hearing, Plaintiff argued that it is entitled to $19,873.50 as reasonable attorneys' fees and $2,166.30 as expenses. In support, it offered testimony and documentary evidence to establish that, based on the experience of the attorneys and support staff, the nature of the case, and the hourly rates and time expended, the amount sought is reasonable. Utilizing the lodestar method, the Court agrees. Moreover, considering the *Johnson* factors, the Court finds no reason to adjust the requested fee. Accordingly, the Court concludes that Plaintiff should be awarded its reasonable attorneys' fees of $19,873.50 and expenses of $2,166.30, for a total of $22,039.80.

## IV. CONCLUSION

For the foregoing reasons, *Plaintiff's Motion for Default Judgment*, Doc. 11, should be **GRANTED**. The Court should enter judgment in Plaintiff's favor against Defendants Yasser

7

Salem and Brooklyn Urgent Care, PLLC, jointly and severally, in the amount of $204,528.12 (consisting of the principal amount of $132,718.78, pre-judgment interest in the amount of $49,769.54, and reasonable attorneys' fees and expenses in the amount of $22,039.80). Further, the Court's judgment should be subject to post-judgment interest at the Court's prevailing post-judgment interest rate from the date of judgment, compounded annually until paid, plus costs of suit.

**SO RECOMMENDED** on July 9, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO APPEAL/OBJECT

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).